Filed 5/1/25  P. v. Probus CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083063 |
| v. | (Super.Ct.No. SWF003257) |
| JAMES RAMIREZ PROBUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Brendon Marshall, and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

1

PROCEDURAL HISTORY

A jury convicted defendant James Ramirez Probus of first degree murder in count 1 (Pen. Code, § 187, subd. (a))[1] and found true the special circumstance that the murder was committed during an attempted robbery (§ 190.2, subd. (a)(17)(A)).[2] A prior prison term allegation under section 667.5, subdivision (b) was found true. The court sentenced defendant to life without the possibility of parole and stayed the one-year imposed on the prison prior.

At the hearing held pursuant to section 1172.75, the court determined defendant was not eligible for relief.

On appeal, defendant argues the superior court erred in denying him relief. We affirm the denial order.

DISCUSSION[3]

Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, … is legally invalid." The Department of Corrections and Rehabilitation (CDCR) and county

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Because the record filed by the superior court clerk was inadequate, the parties requested the court take judicial notice of the clerk's transcript filed in the prior appeal, *People v. Probus* (Dec. 22, 2022, E072780) [nonpub. opn.] (*Probus I*). We granted the requests by order filed December 10, 2024. On our own motion we took judicial notice of pages 1 and 34 of the reporter's transcript filed in *Probus I, supra*, E072780 by order filed December 23, 2024.

[3]     We omit a fact statement because it is not necessary to discuss the facts of the underlying case to resolve the issue on appeal.

correctional administrators must identify "persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b). (§ 1172.75, subd. (b).)

Upon receipt of the list, the sentencing court must verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

At the resentencing hearing, a sentence less than the original sentence must be imposed due to the elimination of the enhancement, unless the court finds a lesser sentence would endanger public safety. The court must also apply any other changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(1)-(2).) On appeal of the superior court's determination that a defendant is not entitled to full resentencing under section 1172.75, we conduct de novo review. (*People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*).)

The appellate courts are divided on whether these provisions apply to prior prison term enhancements that have had punishment stayed, and the California Supreme Court has granted review in most of these cases. In *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), the sentencing court imposed but stayed the punishment for two prior prison enhancements under section 667.5, subdivision (b). At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, *supra*, at pp. 41–42, review granted.) On appeal in *Rhodius*, this court interpreted the word "imposed" in subdivision

3

(a) of section 1172.75 to mean a sentence enhancement that was "imposed and executed." (*Rhodius*, at pp. 44–45, 47–48, review granted.) We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed. (*Rhodius*, at pp. 48–49, review granted.)

In interpreting section 1172.75, this court in *Rhodius* looked at the statute as a whole and determined the requirement that resentencing under the statute should result in a lesser sentence than the original one meant that the prior prison term must have been imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–45, review granted.) We determined the legislative history indicated an intent to end "double" punishment for prior convictions and longer incarceration periods. (*Id.*, at p. 46.) Because the enhancement had been stayed and the sentence could not be lowered in a resentencing, this court held in *Rhodius* that section 1172.75 did not apply to it. (*Rhodius*, at p. 45, review granted.)

Other courts, such as the Fourth Appellate District, Division One in *Christianson*, *supra*, 97 Cal.App.5th 300, review granted, interpreted the word "imposed" to include prior prison term enhancements which had been imposed and stayed. *Christianson* reasoned in part that the court retains the ability to lift the stay and impose the punishment for the enhancement under certain circumstances, which the court held was more in keeping with the Legislature's intent to reduce sentences when enacting section 1172.75. (*Christianson*, at pp. 311–314, review granted; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673–676, review granted Aug. 14, 2024, S285853 [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272–1273, review granted Mar. 12,

4

2024, S283547 [Third District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281–1283 [Sixth District].)

*Christianson* held that because stayed sentence enhancements could potentially increase the sentence if the case were reversed on appeal or if there was a recall of sentence, removal of the stayed enhancement could provide sentencing relief by "eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) However, the fact that the section 667.5 enhancement could potentially be imposed under certain limited circumstances does not add to the sentence imposed in *this* appellate case. Section 1172.75 does not address any collateral consequences of a prior prison term enhancement.

Punishment in this case was not imposed and executed, and the section 1172.75 requirement for a resentencing hearing does not apply. In fact, since the punishment was previously stayed, there was nothing more the trial court could do to eliminate punishment for the enhancement and impose a lesser sentence. (§ 1172.75, subd. (d)(1).) We apply *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, and affirm the trial court's denial of a resentencing hearing.

5

DISPOSITION

The superior court's order denying section 1172.75 resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.